.RODRIGUEZ *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF PORTO RICO.

No. 183. Submitted March 15, 1905.—Decided May 1, 1905.

Under §§ 34, 35 of the Foraker act of 1900, 31 Stat. 85, this court can review judgments of the District Court of the United States for Porto Rico in criminal cases where the accused claimed and, as alleged, was denied a right under an act of Congress and under the Revised Statutes of the United States.

Although a motion in arrest of judgment, based on the ground that the grand jury was not properly impaneled by reason of the deputy clerk acting in place of the clerk, was made in time, and the court below may have erred in its interpretation of the statute, the accused cannot avail of that even in this court unless the record shows that an exception was properly taken. The accused could have waived such an objection to the grand jury and by not excepting to the ruling he must be held to have acquiesced in the ruling and waived his objection.

THIS writ of error brings up for review a final decree of the District Court of the United States for the District of Porto Rico, by which, in conformity with the verdict of a jury, the plaintiffs in error, Rafael Rodriguez and Euripides Rodriguez, were sentenced to confinement in the penitentiary—the former, for three years at hard labor; the latter, for two years and to pay a fine of five hundred dollars.

The indictment contained two counts. The first count charged that on the first day of November, 1902, in the district of Porto Rico, the defendants unlawfully conspired together to steal, embezzle and purloin the moneys of the United States, and that, to effect the object of such conspiracy, Rafael Rodriguez, on the above date, being a postmaster of the United States, did feloniously steal, embezzle and purloin out of certain letters which came to his possession as postmaster, and which had not then been delivered to the party to whom they were directed, divers bank notes and United States notes, the property of the United States, of the value of five hundred and sixty dollars. The second count charged that the defendants—Rafael Rodriguez being postmaster as aforesaid—on the above date, and within the said district, feloniously stole, embezzled and purloined bank notes and United States notes, the property of the United States, of the value of five hundred and sixty dollars, out of certain letters addressed to the postmaster of the United States at San Juan, Porto Rico, and intended to be conveyed by mail, which letters had previously come into the possession of Rafael Rodriguez, as postmaster, and had not then been delivered to the party to whom they were directed.

The defendants jointly moved to quash the indictment upon grounds substantially involving its sufficiency. The motion was overruled, the court observing: "The indictment charges the defendants with conspiring to commit an offense, and that, in pursuance to that, one of them did certain acts which, owing to the alleged conspiracy, were the acts of both. The use of the word embezzle in the indictment is surplusage. The charge is a larceny as described in the indictment." The defendants took an exception.

The defendants then moved to quash the panel of petit jurors, on the ground, among others, that the jurors had not been selected and drawn in the mode required by the Revised Statute of the United States. On this motion evidence was heard, but the evidence was not made a part of the record by bill of exceptions or otherwise. The motion to quash was denied.

Thereupon the defendants were arraigned, and pleaded not guilty. Bystanders were summoned to serve on the panel, and from them a jury was selected. No objection was made to the jury so selected.

The result of the trial was a verdict of guilty on the first count.

After the return of the verdict the accused moved in arrest of judgment upon the following grounds: That the grand jury was not selected or drawn according to the requirements of the statute in such cases made and provided; that the clerk of the court took no part in the selection of the names to be placed in the jury box, but the other jury commissioner of the court, after directing a deputy clerk to prepare lists and tickets of persons, placed all the tickets with names in the box himself; that from the tickets and names so placed in the box by the commissioner the grand jury was subsequently drawn; that the deputy clerk was not and is not a person authorized under the law to take part in the selection or drawing the grand and petit juries of the court; that he had not been theretofore appointed by the court for that purpose; that he

was not shown to be of a different political affiliation from the jury commissioner theretofore appointed by the court; and that said names were not placed in the box alternately by the commissioner and the clerk.   21 Stat. 43, c. 52.

The motion in arrest of judgment was overruled, the court making an order, which contained the following recitals: "It appears the regular jury commissioner, Andres Crosas and the deputy clerk, Frank Antonsanti, acted in doing so, the clerk of the court being absent on sick leave.   There is no charge of corruption or that the selection was not by impartial persons.   The general rule as to provisions of law for the selection of jurors is, that they are only directory.   There appear to have been some irregularities, and not an exact compliance with the terms of the statute; but both the commissioner Crosas and the deputy clerk made the selection and both were present all the time, during the selection, and no one else took part in it.   It is not shown they are not of opposite politics, and this is to be presumed.   There was no such material irregularity as vitiated the panel but a substantial compliance with the statute upon the subject.   The motion in arrest of judgment is overruled."

Subsequently the defendant moved for a new trial upon various grounds.   That motion was overruled, and this writ of error was brought.

*Mr. Francis H. Dexter, Mr. Frederic D. McKenney* and *Mr. John Spalding Flannery* for plaintiffs in error:

This court has jurisdiction to review, on writ of error, the proceedings of the court below.   *Crowley* v. *United States,* 194 U. S. 461, 467.

The grand jury having been selected by a person having no authority to do so the whole proceeding of forming the panel is void.   The objection was taken in time.   *United States* v. *Gale,* 109 U. S. 65; *Sanders* v. *State,* 55 Alabama, 186; *Miller* v. *State,* 33 Mississippi, 357; *Curtis* v. *Commonwealth,* 87 Virginia, 590; *Yelm Jim* v. *Territory,* 1 Wash. Ty. R. 63

*Mr. Assistant Attorney General Robb* and *Mr. Assistant Attorney Glenn E. Husted* for the United States:

This court has no jurisdiction. Act of April 12, 1900, 31 Stat. 85; act of March 3, 1885, 23 Stat. 443; *Royal Ins. Co.* v. *Martin,* 192 U. S 149; *Gonzales* v. *Cunningham,* 164 U. S. 617; *Amado* v. *United States,* 195 U. S. 172; *New* v. *Oklahoma,* 195 U. S. 252. The summoning of talesmen was done properly. § 804, Rev. Stat.; *St. Clair* v. *United States,* 154 U. S. 134, 146; *Lovejoy* v. *United States,* 128 U. S. 171; *United States* v. *Eagan,* 30 Fed. Rep. 608; *United States* v. *Munford,* 16 Fed. Rep. 164; *United States* v. *Rose,* 6 Fed. Rep. 136. No objection was raised or exception taken; both are essential. *Alexander* v. *United States,* 138 U. S. 355.

As the evidence in support of this motion forms no part of the bill of exceptions, and does not in any way appear in the record, the action of the court in the premises cannot be reviewed here. *Suydam* v. *Williamson,* 20 How. 427, 433; *Baltimore & P. R. R.* v. *Trustees,* 91 U. S. 127; *Storm* v. *United States,* 94 U. S. 76, 81; *England* v. *Gebhardt,* 112 U. S. 502; *Duncan* v. *Atchison &c. R. R.,* 72 Fed. Rep. 808, 812; *State* v. *Henderson,* 109 Missouri, 292; *State* v. *McClintock,* 37 Kansas, 40; *State* v. *Smith,* 26 La. Ann. 62; *St. Louis &c. Ry.* v. *Wheelis,* 72 Illinois, 538; *Wiggins* v. *Witherington,* 96 Alabama, 535.

There is nothing to overcome the presumption that the jury was selected and drawn according to law, and that the clerk and jury commissioner performed their duties. *United States Bank* v. *Dandridge,* 12 Wheat. 68; *Kie* v. *United States,* 27 Fed. Rep. 351; *United States* v. *Greene,* 113 Fed. Rep. 683, 693; *Osgood* v. *State,* 64 Wisconsin, 472; *People* v. *Madison County,* 125 Illinois, 334, 340; *Wheeler* v. *State,* 42 Georgia, 306; *Smith* v. *State,* 88 Alabama, 73; *Pauska* v. *Daus,* 31 Texas, 72; Thompson and Merriam on Juries, §§ 63, 586, and cases cited.

The overruling of the motion in arrest is not a denial of a right claimed under an act of Congress. It was not made until after defendants had pleaded not guilty to the indictment and had been tried, convicted and sentenced. Such motions come

too late if made after verdict. *United States* v. *Gale,* 109 U. S. 65, 69; *Crowley* v. *United States,* 191 U. S. 461, distinguished, and see *State* v. *Swift,* 14 La. Ann. 827; *State* v. *White,* 35 La. Ann. 96; *State* v. *Jackson,* 36 La. Ann. 96; *People* v. *Ah Lee Doom,* 97 California, 171, 176; *Brown* v. *State,* 12 Arkansas, 623; *Commonwealth* v. *Freeman,* 166 Pa. St. 332; *Brill* v. *State,* 1 Tex. App. 572.

Even if the facts were as stated in motions to quash the panel and in arrest the action of the court was proper. *United States* v. *Eagan,* 30 Fed. Rep. 608; *United States* v. *Richardson,* 28 Fed. Rep. 61; *United States* v. *Ambrose,* 3 Fed. Rep. 283; *United States* v. *Tuska,* 14 Blatch. 5; *S. C.,* Fed. Cas. No. 16,550; *United States* v. *Greene,* 113 Fed. Rep. 683, 692; Wharton, Cr. Pl. & Prac. §§ 350, 388.

Indictments will only be quashed in very clear cases. Wharton, Cr. Pl. & Pr. § 386, and cases cited.

Embezzlement and theft under this section may be charged in a single count. *United States* v. *Golding,* 2 Cranch C. C. 212; *United States* v. *Byrne,* 44 Fed. Rep. 188. The indictment was therefore proper as it stood, without treating the word "embezzlement" as surplusage.

MR. JUSTICE HARLAN, after making the foregoing statement, delivered the opinion of the court.

The first question is one of the jurisdiction of this court to reëxamine the judgment below—the Government insisting that we are without jurisdiction.

We are of opinion that this question is settled by *Crowley* v. *United States,* 194 U. S. 461, 462, which was a criminal prosecution for the violation of certain statutes of the United States relating to the postal service.

By the act of April 12, 1900, 31 Stat. 77, 85, c. 191, establishing a civil government for Porto Rico, it was provided that, except as otherwise provided, the statutory laws of the United States shall have the same force and effect in Porto Rico as in

the United States; also, that writs of error and appeals may be prosecuted from the final decisions of the District Court of the United States for Porto Rico "in all cases where . . . an act of Congress is brought in question and the right claimed thereunder is denied." Section 35. The same act provided that the United States Court for Porto Rico shall have jurisdiction "of all cases cognizant in the Circuit Court of the United States, and shall proceed therein in the same manner as a Circuit Court." Section 34. In *Crowley's case* the contention of the accused, based upon a plea in abatement, was that certain members of the jury finding the indictment were disqualified under the local law to serve as grand jurors, and that the statutes of the United States made it the duty of the District Court to follow the local law in that respect. Referring to the above act, we said: "In this case that act was brought in question by the *contention* of the parties—the contention of the accused being, in substance, that pursuant to that act of Congress the court below, in the matter of the qualifications of grand jurors, should have been controlled by the provisions of the local law relating to jurors, in connection with the statutes of the United States relating to the organization of grand juries and the trial and disposition of criminal causes; and the court below deciding that, notwithstanding the Foraker act, the local act of January 31, 1891, referred to in the plea, was not applicable to this prosecution, and that the grand jury finding the indictment, if a grand jury was necessary, was organized consistently with the laws of the United States under which the court proceeded. It thus appears that the accused claimed a right under the act of Congress and under the Revised Statutes of the United States, which, it is alleged, was denied to him in the court below. This court has, therefore, jurisdiction to inquire whether there is anything of substance in that claim."

As the Porto Rican statutes contain no provisions relating to the selection, drawing or impaneling of grand jurors, it was, as the accused contends in this case, the duty of the Dis-

trict Court of the United States for Porto Rico in criminal prosecutions for crimes against the United States, to keep in view section 800 of the Revised Statutes, which provides: "Jurors to serve in the courts of the United States, in each State respectively, shall have the same qualifications, subject to the provisions hereinafter contained, and be entitled to the same exemptions, as jurors of the highest court of law in such State may have and be entitled to at the time when such jurors for service in the courts of the United States are summoned; and they shall be designated by ballot, lot, or otherwise, according to the mode of forming such juries then practiced in such state court, so far as such mode may be practicable by the courts of the United States or the officers thereof. And for this purpose the said courts may, by rule or order, conform the designation and impaneling of juries, in substance, to the laws and usages relating to jurors in the state courts, from time to time in force in such State."

It was also its duty, in such prosecutions, to conform to the act of Congress of June 30, 1879, 21 Stat. 43, c. 52, which provides that jurors to serve in the courts of the United States "shall be publicly drawn from a box containing, at the time of each drawing, the names of not less than three hundred persons, possessing the qualifications prescribed in section 800 of the Revised Statutes, which names shall have been placed therein by the clerk of such court and a commissioner, to be appointed by the judge thereof, which commissioner shall be a citizen of good standing, residing in the district in which such court is held, and a well-known member of the principal political party in the district in which the court is held opposing that to which the clerk may belong, the clerk and said commissioner each to place one name in said box alternately, without reference to party affiliations, until the whole number required shall be placed therein, . . . and all juries to serve in courts after the passage of this act shall be drawn in conformity herewith."

When, therefore, the accused in this case, by their motion

in arrest of judgment, claimed the benefit of the above statutes, the acts of Congress referred to were brought in question within the meaning of the act of April 12, 1900, as interpreted in the *Crowley case;* and the rights asserted by the accused under those statutes having been denied, when the motion in arrest of judgment was overruled, the case could be brought here. The words, "brought in question," in that act do not mean that the accused, in order to bring the final judgment here, must have disputed the validity of the acts of Congress which were alleged to have been violated to their prejudice. It was quite sufficient that they should assert rights under those acts and that the rights so claimed were denied to them. *Crowley* v. *United States, supra.*

The Government, however, contends that the motion in arrest of judgment came too late, and in support of that view cites the following language from *United States* v. *Gale,* 109 U. S. 65, 69: "Much more would it seem to be requisite that all ordinary objections based upon the disqualification of particular jurors, or upon informalities in summoning or impaneling the jury, where no statute makes proceedings utterly void, should be taken *in limine,* either by challenge, by motion to quash, or by plea in abatement. Neglecting to do this, the defendant should be deemed to have waived the irregularity." Wharton Cr. Pl. and Prac. §§ 344, 350, 426. But in the same case the court said what is pertinent to the present discussion: "There are cases, undoubtedly, which admit of a different consideration, and in which the objection to the grand jury may be taken at any time. These are where the whole proceeding of forming the panel is void; as where the jury is not a jury of the court or term in which the indictment is found; *or has been selected by persons having no authority whatever to select them;* or where they have not been sworn; or where some other fundamental requisite has not been complied with."

Here the objection to the grand jury was, in substance, that it was not such a body as could legally find an indictment. This view rests upon the ground that the names were placed

in the box by a jury commissioner, and by a deputy clerk, the latter, it is contended, having no authority to act at all in such a matter in place of the clerk, because the statute required the joint action of a commissioner and the clerk of the court. If, therefore, the requirement that the grand jurors should be selected by the commissioner and the clerk was a fundamental requisite, that is, if the deputy clerk, in the absence of the clerk, had no authority under any circumstances to act, then the motion in arrest of judgment did not come too late. There are authorities which give some support to the view that this requirement is of substance, and not a mere "defect or irregularity in matter of form only." Rev. Stat. § 1025; *Hulse* v. *The State,* 35 Ohio St. 421. Whether this position be well taken or not we do not stop to consider; for, assuming that the motion in arrest of judgment was made in time, and assuming even that the court, as matter of law, erred in its interpretation of the statute, still the accused cannot avail themselves here of that error; for the record does not show any exception taken to the overruling of the motion in arrest of judgment. By not excepting to the ruling of the court, the accused must be held to have acquiesced in it, and to have waived the objection made to the grand jury. We perceive no reason why they could not have legally waived an objection based upon the grounds stated in the motion.

This disposes of the case; for the assignments of error present no other question that needs to be noticed. Besides, counsel for the accused have properly confined their discussion of the case to the question of the jurisdiction of this court, and to the action of the court below in overruling the motion in arrest of judgment. The judgment is

*Affirmed.*