McINERNEY v. UNITED STATES.

(Circuit Court of Appeals, First Circuit.    June 22, 1906.)

No. 584.

1. GRAND JURY—OBJECTIONS—WAIVER.

The objection that the grand jury which returned an indictment was not selected as required by statute, can be availed of only by a motion to quash, or by a plea, and is waived by going to trial on the merits. In any event, if matter of record and ground of error, the right to make the objection is lost by the failure to assign it on the prosecution of a writ of error.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Grand Jury, §§ 53-55.]

2. CRIMINAL LAW—MOTION IN ARREST—TIME FOR APPLICATION.

A motion in arrest of judgment cannot be entertained after sentence, and after the term at which it was entered has expired.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, § 2471.]

In Error to the District Court of the United States for the District of Massachusetts.

Harvey H. Pratt and Isaac F. Paul, for plaintiff in error.

Asa P. French, U. S. Atty., and Guy A. Ham, Asst. U. S. Atty.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge.    This is a petition filed by the plaintiff in error on May 8, 1906, and subsequent, therefore, to a judgment which we entered on February 26, 1906 (143 Fed. 729), affirming the proceedings of the District Court on an indictment against the plaintiff in error, in the course of which the plaintiff in error was found guilty by a jury and sentenced to imprisonment.    The petition is in substance that certain persons who had been summoned to sit on the grand jury which returned the indictment against the plaintiff in error were excused from service, and were replaced by talesmen brought in by the marshal from the bystanders, contrary, as claimed, to section 808 of the Revised Statutes [U. S. Comp. St. 1901, p. 626], which, it is maintained, provides that, under such circumstances, the court should have ordered the marshal to have summoned from the body of the district, and not from the bystanders, whatever number of persons might have been required for any purpose of that character; and thereupon the plaintiff in error petitions us to reserve leave to apply to the District Court for a motion in arrest of judgment in that behalf.

It is not necessary for us to go over the general practice with regard to petitions of this character, because it has been fully explained by us in Re Gamewell Company (April 23, 1896) 73 Fed. 908, 20 C. C. A. 111, in Post v. Beacon Vacuum Company (June 14, 1898) 89 Fed. 1, 32 C. C. A. 151, and in Boston & Revere Company v. Bemis Company (November 10, 1899) 98 Fed. 121, 38 C. C. A. 661.

This indictment was returned on September 9, 1904, and the facts

about the grand jury referred to were patent to everybody. Therefore the petitioner has been guilty of such laches that he is not entitled to any relief, except what the law absolutely requires.

The United States claims that the irregularity about the grand jury does not appear of record; but it does appear in the journal entry of September 13, 1904, requiring the marshal to bring in three talesmen. This clearly did not mean that venires should issue; but it plainly directed that talesmen should be brought in from the bystanders. If the facts did not appear of record, it would be clear by the rules of criminal practice that the only remedy which the plaintiff in error would have had would have been by a motion to quash the indictment, or by a plea in abatement, or, possibly, by a plea in bar, each of which was waived by pleading and going to trial on the merits.

Assuming, however, that the irregularity appears of record, as the plaintiff in error maintains, and as is the fact, the only possible basis of any claim that it was not waived by going to trial on the merits is the dictum of Mr. Justice Harlan in Rodriguez v. United States, 198 U. S. 156, 164, 165, 25 Sup. Ct. 617, 49 L. Ed. 994. This related to a fundamental objection of a character which constituted the whole panel void, as is plain from what appears on pages 164 and 165 of 198 U. S., page 617 of 25 Sup. Ct. (49 L. Ed. 994). In any view, it cannot be accepted as sufficiently authoritative to set aside the clearly established rule as stated in Bishop's New Criminal Procedure, vol. 1, §§ 887, 888; Agnew v. United States, 165 U. S. 36, 44, 17 Sup. Ct. 235, 41 L. Ed. 624, and Carter v. Texas, 177 U. S. 442, 447, 20 Sup. Ct. 687, 44 L. Ed. 839. Mr. Justice Harlan does not notice the cases in 165 U. S., 17 Sup. Ct., 41 L. Ed., and 177 U. S., 20 Sup. Ct., 44 L. Ed., and therefore he must not be held to have intended to disregard or qualify them. Even if he did, his dictum would not be effectual for that purpose.

However, if the facts about the grand jury as claimed by the plaintiff in error do not appear of record, they could, as we have said, be availed of only by a motion to quash or a plea, each of which, on all the authorities, has been waived. If they appear of record, they were ground of error, and, as only one writ of error lies, unless dismissed for want of jurisdiction or some other reason, they should have been brought up on the writ of error now before us. To hold otherwise would be to evade the law limiting to six months the period within which a writ of error can be sued out. At any rate, there is no possible pretense which can be sustained that they should not have been brought before us on this writ. There was no assignment of error on the point; and, by reason of the laches of the plaintiff in error of which we have spoken, we certainly would not allow him to amend his assignment of errors, nor waive the usual rules in reference thereto. Therefore in no possible view can plaintiff in error obtain any relief.

Especially he cannot obtain relief on this proceeding in which he proposes to file a motion in arrest of judgment after sentence, which, of course, is an anomaly. Such a motion cannot be entertained after sentence, although, of course, during the term in which sentence was

pronounced, the trial court may in its discretion strike out a sentence and allow such a motion to be filed. Bishop's New Criminal Procedure, vol. 1, § 1282 (3) ; Chitty's Criminal Law, vol. 1, \*661.

Ordered that the petition filed by the plaintiff in error on May 8, 1906, for leave to proceed further in the District Court, is denied, and the mandate may issue forthwith.