## ARAN *v.* ZURRINACH.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF PORTO RICO.

No. 146.    Submitted December 22, 1911.—Decided January 9, 1912.

Under the act of April 12, 1900, c. 191, 31 Stat. 85, this court cannot review a judgment of the District Court of the United States for Porto Rico where the amount in controversy is less than five thousand dollars, unless the validity or interpretation of an act of Congress is brought in question, or a right claimed thereunder is denied.

Not every mere question of irregularity in applying the law of the United States arising in the court below confers a right of review on this court which otherwise would not exist; and where, as in this case, there is generality of statement and absence of specification to sustain the objections raised, in regard to qualifications and drawing of jurors in Porto Rico and the application of the Federal statutes thereto, the questions raised will be regarded as too frivolous to sustain jurisdiction, and the writ of error will be dismissed.

THE facts are stated in the opinion.

*Mr. Francis H. Dexter* for plaintiffs in error:

The panel of the jury summoned to try this cause was not drawn from a box containing the names of three hundred qualified jurors.

The said panel was not drawn and the names of jurors constituting the same were not placed in the box in the manner required by the act of Congress of June 30, 1879,

21 Stat. 43, because it appeared that the court and the jury commissioner of the court did not have the qualifications provided for by the said act. *United States* v. *Chaires*, 40 Fed. Rep. 820.

The court erred in overruling the separate demurrer of defendant Dexter. § 1731, Civil Code, Porto Rico.

The conduct of the court below during the trial was arbitrary, oppressive and illegal and the judgment should be reversed.

*Mr. Frederick L. Cornwell* and *Mr. N. B. K. Pettingill* for defendant in error:

As the judgment was for less than $5,000, the jurisdiction of this court must depend upon the presence of a Federal question which is both material and not frivolous. *Royal Ins. Co.* v. *Martin,* 192 U. S. 149; *American R. Co.* v. *Castro,* 204 U. S. 453; *Kent* v. *Porto Rico,* 207 U. S. 113.

As the court held that under the testimony there was nothing left for the jury to decide but that it must merely register a decision made for it by the court the question whether the jury was composed of eligibles or ineligibles became immaterial and even if error were committed it could not lead to a reversal of the judgment.

Whether this action of the court, in determining that upon the evidence no other verdict than one for plaintiff was warranted, was or not erroneous involves no Federal question—and, where the actual decision of the case turns upon a non-federal ground, the judgment cannot be reviewed here because a question, Federal in its nature, may also have been decided in the course of the trial. *Commercial Bank* v. *Buckingham,* 5 How. 317; *Hale* v. *Akers,* 132 U. S. 554, 564; *Cal. Powder Wks.* v. *Davis,* 151 U. S. 389; *Leathe* v. *Thomas,* 207 U. S. 93, 99; *Ark. S. R. Co.* v. *German Bank,* 207 U. S. 270, 275.

These consequences appear so clearly from the record and are so simply reached that, we submit, not only should

the judgment below be affirmed, or the writ of error be dismissed, but the plaintiffs in error should also be adjudged to pay the 10 per cent damages provided for by rule 23, as the contentions regarding the presence of a Federal question are so frivolous that the writ must be considered to have been taken for delay only. *Amory v. Amory,* 91 U. S. 356; *Wilson v. Everett,* 139 U. S. 616; *Gregory &c. Co. v. Starr,* 141 U. S. 222; *Texas & P..R. Co. v. Volk,* 151 U. S. 73; *Nelson v. Flint,* 166 U. S. 276.

Mr. Chief Justice White delivered the opinion of the court.

Zurrinach sued Aran and Dexter, the one as principal and the other as surety, on a written contract and recovered judgment, the court having instructed a verdict for the amount claimed, viz., $1,565.72.

When our jurisdiction to review the court below depends upon amount, five thousand dollars is the criterion. We have hence no jurisdiction on this writ unless there be some basis for it other than the amount involved. Act of April 12, 1900, 31 Stat. 77, 85, c. 191. The basis relied upon to establish that we have jurisdiction is the action of the court upon certain motions concerning the qualifications of the jury commissioners and an alleged failure of such commissioners, in making up the panel, to comply with the law of the United States. The proceedings thus relied on are as follows: At the opening of the trial the defendants thus moved:

"Defendants move the Court to quash the panel of the Jury drawn for service at this term for the reason that the said panel was not drawn from a box containing the names of three hundred qualified jurors; and for the further reason that the present panel was not drawn and the names of the jurors constituting the same were not placed therein as required by the Act of Congress,  ✓  •   •

in this, to wit; the Clerk of this Court, John L. Gay, is a member of the Democratic party of the United States, but is not a member of any political party of Porto Rico or of the District, nor is he a registered voter in Porto Rico. The Jury Commissioner of this Court, who together with the said Clerk, placed the names of jurors in the jury box, is not a member of any political party of the United States and is not an American citizen, but is a member of the so-called Republican party of Porto Rico. The principal or majority party in this district is and was at the time the names of jurors were placed in the said box and drawn therefrom by the said Clerk and Jury Commissioner the so-called Unionist party. All to the prejudice of defendants."

On making this motion, the counsel stating that he desired to offer proof, the clerk of the court was called to the stand, but the court refused to hear his testimony and overruled the motion forthwith, stating "that it had personal knowledge of the mode and manner in which the jury was drawn and the law with reference to the manner and regards the same as having been strictly in accordance with the law and does not regard the question in Porto Rico of the politics of the parties as being applicable to the same extent as it would be in the States." The motion was "also denied on the ground that it was not filed within the time required by law and no five days' notice was given to the other party."

It is settled that the provisions of the thirty-fifth section of the act of April 12, 1900, previously referred to, which gives a right to bring to this court from the District Court of Porto Rico by writs of error or appeal all final decisions of such court in all cases where "an act of Congress is brought in question and the right claimed thereunder is denied" does not contemplate that the right to review thus conferred should be confined solely to cases where the validity of an act of Congress is called in question

or its interpretation is necessarily involved, but also gives power to review where a right under an act of Congress was asserted and denied in the court below. *Crowley* v. *United States*, 194 U. S. 461, 466; *Rodriguez* v. *United States*, 198 U. S. 156. In the *Crowley case* the accused, by a plea in abatement, questioned the competency of certain grand jurors, who participated in the finding of the indictment, on the ground that the grand jury had been selected without any reference to the qualifications prescribed by the local law, when, as the result of an act of Congress, the local law should have been respected and applied. The plea was specific, and set up accurately the particular persons whose qualifications were challenged. Without going into detail in the *Rodriguez case*, it is true also to say that the legality of both the grand and petty jury was drawn in question because of a failure to apply the law of the United States governing the same.

But neither the principle which the cases referred to maintain, nor the reasoning by which they were controlled support the proposition that any and every mere question of irregularity in applying the law of the United States which arises in a case in the court below confers a right to review on this court which otherwise would not exist. Moreover, neither the rule announced in the cases nor the reasoning which controlled them gives support to the further assumption that the right to a review by this court of the whole case, which otherwise would not exist, can be brought about by raising in the court below questions concerning the application or methods of enforcement of the applicable laws of the United States when, from the manner in which they are raised—that is, their generality of statement and the absence of all specification to sustain them—the conclusion is justified that they are of a frivolous character.

Putting out of view the ruling of the court based on the delay in making the motion assailing the capacity of the

jury commissioners and the qualifications of the panel which,. it is urged, establish the right to review by this court, we are of opinion that the questions raised in the motion, either inherently or because of the manner in which they were raised, come within the propositions just stated and therefore are not controlled by the ruling in the *Crowley* or *Rodriguez* case. In the first place, in so far as the motion was addressed to the qualifications of the jury commissioners; it was, on its face, so wanting in merit and wholly frivolous as to afford no support whatever to the contention that the court in overruling it denied a right claimed under an act of Congress. In the second place, that is, as far as the challenge to the panel is concerned, if it be that the concluding sentence of the motion referring to the alleged political opinions of some of the jurors selected by the commissioners was an enumeration of the disqualification relied upon as the basis of the motion to quash the panel, its frivolousness was equally manifest. If, on the other hand, this view be not taken, then the mere general statement in the motion to quash, without any specification whatever of the ground relied upon, renders a like conclusion inevitable.

As the amount involved is not adequate to give jurisdiction, and the alleged claims of right under the act of Congress relied upon for that purpose are inadequate to form the basis of the exertion of jurisdiction, because of their unsubstantial and wholly frivolous character, it results that our order will be,

*Writ of error dismissed for want of jurisdiction.*