## STOKES v. UNITED STATES.
### No. 8631.

Circuit Court of Appeals, Eighth Circuit.
Feb. 26, 1930.

Robert L. Spelbrink, of St. Louis, Mo., for appellant.

Arthur A. Hapke, Asst. U. S. Atty., of St. Louis, Mo. (L. H. Breuer, U. S. Atty., of Rolla, Mo., on the brief), for the United States.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and DEWEY, District Judge.

DEWEY, District Judge.

Shedrick Stokes, appellant, was indicted upon two counts, each charging a violation of the Harrison Narcotic Act (26 USCA §§ 211, 692, 696). He was tried, and a verdict rendered against him, and sentenced on each of said counts for a term of five years, to run concurrently.

The only question urged on appeal is as to the sufficiency of either of said counts in the indictment.

The defendant demurred to the indictment before the commencement of the trial. In this demurrer the defendant claims that the indictment does not charge the defendant with the violation of any law of the United States; that it is indefinite and uncertain; that neither of the counts state facts sufficient to constitute a crime under the laws of the United States because the counts in the indictment embody and contain therein several different sections of the law of the United States covering the Harrison Narcotic Act.

The charging part of the indictment is as follows:

"Count One. That on or about the 24th day of May, A. D., 1928, at or near 2311–a Franklin Avenue, in the City of St. Louis, in the State of Missouri, within the Division and District aforesaid, and within the jurisdiction of the Court aforesaid, and within the First Internal Revenue District of Missouri, Shedrick Stokes alias Mush Mouth, being then and there a person who had not paid to the Collector of Internal Revenue, within and for the First Internal Revenue District of Missouri, the special tax required by law of every person who deals in, dispenses, sells, distributes, manufactures, produces, imports, or gives away opium or coca leaves, their salts, (derivatives), or preparations, did unlawfully, wilfully and feloniously sell and give away to one Flora Bogy, a certain derivative of opium, to-wit: one ounce, more or less, of morphine hydrochloride, the exact amount being to the Grand Jurors unknown, and a certain derivative of coca leaves, to-wit: two grains, more or less, of cocaine hydrochloride, the exact amount being to the Grand Jurors unknown, at and for the price and sum of Sixty-seven Dollars, said sale and giving away having been made not in pursuance of a written order of the person to whom the said morphine hydrochloride was sold and given away, on a form issued in blank for that purpose by the Commissioner of Internal Revenue.

"Count Two. That on or about the 24th day of May A. D. 1928, at or near 2311–a Franklin Avenue, in the city of St. Louis, in the State of Missouri, within the jurisdiction of the Court aforesaid, and within the First Internal Revenue District of Missouri, Shedrick Stokes, alias Mush Mouth, did wilfully, unlawfully, and feloniously sell and dispense to one Flora Bogy, a certain derivative of opium, to-wit: one ounce, more or less, of morphine hydrochloride, the exact amount being to the Grand Jurors unknown, and a certain derivative of coca leaves, to-wit: two grains, more or less, of cocaine hydrochloride, the exact amount being to the Grand Jurors unknown, at and for the price and sum of Sixty-seven Dollars, and which said morphine hydrochloride and said cocaine hydrochloride then and there so sold and dispensed by the said Shedrick Stokes alias Mush Mouth to the said Flora Bogy was not so sold and dispensed in the original stamped packages, nor from the original stamped packages."

The provisions of the Harrison Narcotic Law have been the subject of interpretation by this court in a great number of cases. In order to answer appellant's contention, it is necessary to analyze the elements of the offenses under sections 1 and 2 of the act.

This analysis of section 1 is carefully set out by Judge Booth in the case of Butler v. United States (C. C. A.) 20 F.(2d) 570, 572, as follows:

"Section 1 * * * covers two separate and distinct classes of offenses: First, offenses that may be committed only by a limited class of persons, viz. persons required to register under the provisions of the act; second, offenses that may be committed by any person. The first class of offenses is defined in the clause of section 1 (which we have designated A) reading as follows:

"A: 'It shall be unlawful for any person required to register under the provisions of this act to import, manufacture, * * * sell * * *, or give away any of the aforesaid drugs without having registered and paid the special tax as imposed by this section.' * * *

"The second class of offenses is defined in a later clause of the same section (which we have designated B) reading as follows:

"B: 'It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the aforesaid drugs except in the original stamped package or from the original stamped package.' "

Section 2 of the act defines an offense, reading as follows: "It shall be unlawful for any person to sell, barter, exchange, or give away any of the drugs * * * except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue."

The words "any person," found in the offense defined under section 2 of the act, refer to all persons. Nigro v. United States, 276 U. S. 332, 347, 48 S. Ct. 388, 72 L. Ed. 600.

A, under section 1, has reference only to dealers, and dealers are only those persons who sell in or from original stamped packages. Butler v. United States (C. C. A.) 20 F.(2d) 570, 573. Therefore the offenses defined in A of section 1 are limited to dealers as defined in the act, while B, section 1, and the offense under section 2 refer to all persons.

Examining count 1 of the indictment, then, under this analysis, it is readily apparent that the indictment was drawn under the

offense as defined in section 2 of the act, and the first part of count 1 describing the defendant as a person who had not paid to the collector of internal revenue the special tax required by law of every person who deals in narcotics, while it is a part of the offense under A of section 1, does not charge the defendant with being a dealer as defined in the act, but only describes him as being a person who has failed to pay the tax.

This limitation, therefore, would not be fatal to the indictment. It might limit the offense as charged against him under section 2, but, as the offense under section 2 refers to all persons, it would make no difference whether he was a person who had not paid the special tax or whether he was a person who had paid a special tax, unless he were a "dealer," which is not charged in count 1 of the indictment.

The defendant claims that count 1 of the indictment starts out in charging an offense under section 1 and completes the charge under the offense defined in section 2. This claim is perhaps correct, and would be fatal to the indictment if the first part of the indictment completed the charge of A under section 1 of the act by alleging that the defendant was a dealer within the meaning of the act. This, however, as heretofore stated, was not done.

The argument of the defendant is based upon a principle of law set out in the case of Butler v. United States (C. C. A.) 20 F.(2d) 570, 573, wherein the court says: "Where words are employed in an indictment which are descriptive of the identity of that which is legally essential to the charge in the indictment, such words cannot be stricken out as surplusage."

This case refers to the case of United States v. Eisenminger (D. C.) 16 F.(2d) 816, 820, where the rule is correctly stated as follows: "Undoubtedly there is a general rule of law that all unnecessary words may be rejected as surplusage if the indictment would be good upon striking them out. But that rule is not an unqualified one. An interwoven limitation upon the operation of that principle is that, if the immaterial averments are in any sense descriptive of the identity of what is essential, then they cannot be rejected as surplusage."

The principle of law is correct, but it is not applicable to the surplusage matters in count 1 of the indictment. The description there of the defendant as being one who has not paid the special tax as required by law

refers to and limits the identity of the defendant, but does not refer to or limit the identity of any of the essential elements of the offense set out in section 2 of the act.

The case is not unlike that of Weaver v. United States (C. C. A.) 15 F.(2d) 38, 40, where, under a somewhat similar charge under B of section 1, it was held that:

"It is wholly immaterial whether the person accused of selling or purchasing in and from an unstamped package has or has not registered and paid the special tax, for the reason that, if the accused had registered and paid the special tax, it would be no defense to an indictment charging the purchase or sale of opium or its derivatives in or from an unstamped package. * * *

"It follows that the allegation that the defendant had not registered and paid the special tax must be treated as mere surplusage."

Taking out the surplusage matter above referred to, the charge of the offense under section 2 of the act is substantially in the language of the statute, and this is sufficient. O'Neill v. United States (C. C. A.) 19 F.(2d) 322, 324.

We are clearly of the opinion that count 1 of the indictment clearly and distinctly, definitely and certainly, defines an offense under the laws of the United States, and the overruling of the demurrer by the court was proper.

This finding disposes of the case, as the sentence under the two counts was cumulative, and it is a well-recognized rule that, where a verdict of guilty is rendered upon several counts and the sentence does not exceed that which might be properly imposed on conviction on the counts which are good, the sentence must stand. Spring Drug Co. v. United States (C. C. A.) 12 F.(2d) 852, 862.

However, we are clearly of the opinion that count 2 of the indictment also sufficiently charges an offense under the laws of the United States.

The argument is that count 2 is defective for failure to charge that the defendant was a "dealer." The charge comes within the provisions of the offense B of section 1 of the act set out above. As we have pointed out, this charge is as to "any person," and is not limited to unlawful acts of "dealers."

Appellant says that the case of Weaver v. United States (C. C. A.) 15 F.(2d) 38, holds that counts specifically charging sale of morphine not from original stamped pack-

age, without having registered with the collector and paid the special tax, do not state an offense under the Harrison Narcotic Law. The holdings of the court in this case had to do with failure of the evidence to support the allegations of the indictment, and the court did not hold as claimed by appellant, but, on the contrary, held that it is immaterial whether the person accused of selling in or from an unstamped package has or has not registered and paid the special tax. This case is therefore authority against and not for the appellant.

The court was clearly right in overruling the demurrer as to count 2 of the indictment. Questions as to the sufficiency of the indictment being the only error assigned and urged on this appeal, the case is accordingly affirmed.