### HAGGERTY v. UNITED STATES.
#### No. 8937.

Circuit Court of Appeals, Eighth Circuit.
July 20, 1931.

Rehearing Denied Sept. 2, 1931.

Leslie P. Whelan, of Chicago, Ill., and S. J. Kroman, of Minneapolis, Minn., for appellant.

Lewis L. Drill, U. S. Atty., and George A. Heisey, Asst. U. S. Atty., both of St. Paul, Minn.

Before KENYON and BOOTH, Circuit Judges, and OTIS, District Judge.

BOOTH, Circuit Judge.

This is an appeal from a judgment of conviction under an indictment containing two counts charging violation of the Harrison Anti-Narcotic Law (38 Stat. 785, and amendments [26 USCA § 211, and § 691 et seq.]). The first count was based upon section 2 of the act (26 USCA § 696), and charged that the defendant did sell, barter, exchange, and give away to one E. H. Staley certain narcotic drugs on June 28, 1929, *not in pursuance of a written order* of the purchaser on a form issued for that purpose by the Commissioner of Internal Revenue. The second count was based on section 1 of the act (26 USCA § 692), and charged that on June 28, 1929, defendant did sell, dispense, and distribute to the same E. H. Staley certain narcotic drugs *not in or from an original stamped package.*

The trial resulted in a verdict and judgment of guilty on both counts; sentence of

five years was imposed on the first count, and of four and one-half years on the second count, the sentences to run consecutively.

The defendant appeals from the judgment.

There are twenty-one assignments of error. Most of them are not based upon any objection or exception shown in the record. Notwithstanding this, we have thought it advisable to refer to the more important of them.

■ The indictment is attacked as being so vague and indefinite as to charge no offense. No demurrer or motion to quash was filed, but the indictment was challenged by motion in arrest of judgment. This motion was not filed, however, until February 17, 1930, whereas the judgment had been entered December 27, 1929. The motion was too late. 16 C. J., p. 1263, § 2814; 2 Encl. Pl. & Pr. 817; McInerney v. United States (C. C. A.) 147 F. 183. Moreover, there is no merit in the attack on the indictment. Apparently defendant's counsel are under the misapprehension that the indictment was drawn under the "dealer provisions" of the Harrison Act instead of under the "any person" provisions. The distinctions are pointed out in Nigro v. United States, 276 U. S. 332, 48 S. Ct. 388, 72 L. Ed. 600, and in Butler v. United States, 20 F.(2d) 570 (C. C. A. 8).

■ Further, it was unnecessary for the indictment to negative the exemptions mentioned in the Harrison Act. Section 8 of the act (26 USCA § 700) expressly so provides. Daugherty v. United States, 2 F.(2d) 691 (C. C. A. 8); Rothman v. United States (C. C. A.) 270 F. 31; Wallace v. United States (C. C. A.) 243 F. 300; Melanson v. United States (C. C. A.) 256 F. 783, 785.

■ Another point urged is that there was a fatal variance between the date of sale alleged in the indictment and the date shown by the proof. We find no merit in this contention. Proof of the sale on the exact date charged was not vital, but an examination of the record discloses ample testimony that the sale was made on the exact date alleged in the indictment.

■ It is further urged that the court erred in holding that the indictment charged two separate offenses, and also erred in imposing a separate sentence under each count. We think there was no error in either respect.

In the first count, the charge was that the sale was not in pursuance of a written order; in the second count, the charge was that the sale was of the drug not in or from the original stamped package.

The statute makes the two offenses distinct, and it is apparent that evidence sufficient for conviction of one of the offenses would not necessarily be sufficient for conviction of the other.

■ It is true that there was but one transaction in the case at bar: but, on the trial, the evidence, when complete as to the first offense, was supplemented by further evidence in order to make it complete as to the second offense. This was permissible. Stokes v. United States, 39 F.(2d) 440 (C. C. A. 8); Walsh v. White, 32 F.(2d) 240 (C. C. A. 8); Amendola v. United States (C. C. A.) 17 F.(2d) 529; Harrison v. United States (C. C. A.) 7 F.(2d) 259. See, also, Morgan v. Devine, 237 U. S. 632, 641, 35 S. Ct. 712, 59 L. Ed. 1153; Albrecht v. United States, 273 U. S. 1, 11, 47 S. Ct. 250, 71 L. Ed. 505.

■ We may add that in our opinion cumulative sentences approaching the maximum for separate offenses growing out of one and the same transaction should not be imposed except in aggravated cases. Doubtless the trial court observed this rule.

■ It is still further urged that there was no authority for making the sentences on the two counts run consecutively instead of concurrently. The law is established to the contrary. Daugherty v. United States, supra; United States v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309; Howard v. United States (C. C. A.) 75 F. 986, 34 L. R. A. 509.

Other contentions urged have been considered, but discussion of them has not been found needful.

The judgment is affirmed.