### MORRIS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 22, 1909.)

No. 2,677.

1. CRIMINAL LAW (§ 970*) — ARREST OF JUDGMENT — GROUNDS—OBJECTIONS TO INDICTMENT.

While the better practice is to raise objections to an indictment by demurrer in advance of the trial, accused cannot be convicted and punished unless the indictment, even if not attacked until by motion in arrest of judgment, states the substance of an offense.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2445; Dec. Dig. § 970.*]

2. FOOD (§ 20*) — OLEOMARGARINE — PACKAGES—STATUTES—CONSTRUCTION—INDICTMENT—"EVERY PERSON."

Act Cong. Aug. 2, 1886, c. 840, § 6, 24 Stat. 210 (U. S. Comp. St. 1901, p. 2230), declares that all oleomargarine shall be packed by the manufacturer in packages not used before, and that all sales made by manufacturers and wholesale dealers shall be in original stamped packages, that retail dealers must sell only from original stamped packages, and pack the oleomargarine sold by them in suitable wooden or paper packages, and "every person" who knowingly sells or offers for sale any oleomargarine in other form, or who packs in any package any oleomargarine in any manner contrary to law, will be imprisoned, etc. Held, that the manufacturer and dealer were the subject of regulation by the section, and that the words "every person" should be construed to refer solely to manufacturers and dealers previously mentioned, so that an indictment for violating such section, failing to charge that accused was either a manufacturer or dealer in oleomargarine, and as such packed product in a manner violative of the act, stated no offense.

[Ed. Note.—For other cases, see Food, Cent. Dig. § 21; Dec. Dig. § 20.* For other definitions, see Words and Phrases, vol. 3, p. 2516.]

In Error to the District Court of the United States for the Eastern District of Missouri.

---

Shepard Barclay (Thomas T. Fauntleroy, on the brief), for plaintiff in error.

Jesse W. Barrett, for defendant in error.

Before SANBORN, VAN DEVANTER, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. This cause is submitted on a rehearing concerning the sufficiency of the eighth count of the indictment. Our opinion on all other phases of the case (161 Fed. 672) remains unaffected. This second consideration would probably have been unnecessary, if our attention had been attracted to the particular defect of the eighth count which is now urged upon us. The former opinion discloses that the only consideration given to this count related to its sufficiency in matter of averment to apprise the defendant of the nature and cause of the accusation against him; but we are now called upon to answer the question, raised for the first time by the motion in arrest of judgment, which was addressed generally to all the counts of the indictment, whether the eighth count states facts sufficient to constitute a crime or offense against the laws of the United States.

The defendant was indicted and convicted on various counts for violating the statutes of the United States respecting the manufacture and sale of oleomargarine. The eighth count was laid under section 6 of the act of August 2, 1886 (24 Stat. 210, c. 840 [U. S. Comp. St. 1901, p. 2230]), and charged that the defendant, without specifying his vocation or business, did "unlawfully pack colored oleomargarine in firkins, tubs, and other wooden packages, which had theretofore been used for that purpose, * * * well knowing that said packages had theretofore been so used." Does this disclose a defect fatal on motion in arrest of judgment? In other words, is there such want of averment in matter of substance descriptive of the offense itself as may be availed of for the first time by such motion?

We have heretofore expressed our disapproval of the practice of postponing a challenge to the sufficiency of the indictment until after an expensive trial has been had. Clement v. United States, 149 Fed. 305, 313, 79 C. C. A. 243. The better practice is to raise such questions by demurrer in advance of the trial. But, however this may be, no defendant in a criminal case can be found guilty and punished unless the indictment, even if not attacked until by motion in arrest of judgment, states the substance of an offense. The defect now claimed is that the count does not disclose that the defendant was either a manufacturer or dealer in oleomargarine, and it is claimed that section 6 of the act of 1886, supra, denounces offenses against manufacturers and dealers only. That section reads as follows:

"That all oleomargarine shall be packed by the manufacturer thereof in firkins, tubs, or other wooden packages not before used for that purpose, each containing not less than ten pounds, * * * and all sales made by manufacturers of oleomargarine, and wholesale dealers in oleomargarine shall be in original stamped packages. Retail dealers in oleomargarine must sell only from original stamped packages, in quantities not exceeding ten pounds, and shall pack the oleomargarine sold by them in suitable wooden or paper packages. * * * Every person who knowingly sells or offers for sale, or delivers or offers to deliver, any oleomargarine in any other form than in new

wooden or paper packages as above described or who packs in any package any oleomargarine in any manner contrary to law * * * shall be imprisoned not more than two years."

A careful analysis of the fore part of the section discloses that certain obligations or duties are imposed upon manufacturers and wholesale and retail dealers in oleomargarine. Manufacturers are required to pack their product in a certain way. They and wholesale dealers are required to make their sales in a certain way, and retail dealers are required to pack and sell the product in the way prescribed for them. So far the section does not concern any other person or class of persons. The user or consumer is not mentioned. Immediately following this particular enumeration of those upon whom duties are imposed comes the denunciation of offenses:

"Every person who knowingly sells or offers for sale, or delivers or offers to deliver, any oleomargarine," etc.

These words are clearly applicable to a manufacturer or dealer and inapplicable to any others. Then follow in the disjunctive the words constituting the offense charged in the eighth count, "or who packs in any package any oleomargarine in any manner contrary to law." This last clause, commencing with the words "every person," considered by itself alone, is comprehensive enough, and is claimed by learned counsel for the government in the case to include any and every person, whether he be a manufacturer, wholesale or retail dealer, the housewife who may desire for her own convenience to repack the oleomargarine after purchasing it into other more convenient vessels or packages for preserving it at home, or any other person who may have anything to do with it. But this, we think, does not express the legislative intent manifest by the entire section. The "manufacturer" and the "dealer" afford the subject-matter of the section. They are the only persons upon whom the duty of packing in the manner required by the act is imposed, and for that reason would naturally and reasonably be the only persons against whom the penalty would be imposed for violating that duty by packing in some other way.

Congress, in the absence of a clearly manifested contrary intent, must be presumed to have contemplated this ordinary and reasonable construction—the one in harmony with the subject of legislation, rather than the other unnatural and discordant one. In Market Co. v. Hoffman, 101 U. S. 112, 116, 25 L. Ed. 782, it was said:

"To understand the true meaning of the clause, it is necessary to observe what the subject was in regard to which Congress attempted to legislate. In Brewer's Lessee v. Blougher, 14 Pet. 78, 10 L. Ed. 408, it was said to be the undoubted duty of the court to ascertain the meaning of the Legislature from words used in the statute and the subject-matter to which it relates."

In Petri v. Commercial Bank, 142 U. S. 644, 650, 12 Sup. Ct. 325, 326, 35 L. Ed. 1144, it was said:

"The rule that every clause in a statute should have effect, and one portion should not be placed in antagonism to another, is well settled."

In United States v. Freight Association, 166 U. S. 290, 320, 17 Sup. Ct. 540, 551, 41 L. Ed. 1007, it was said:

"While it is the duty of courts to ascertain the meaning of the Legislature from the words used in the statute and the subject-matter to which it relates,

there is an equal duty to restrict the meaning of general words, whenever it is found necessary to do so in order to carry out the legislative intent."

In harmony with the foregoing observations and authorities, we are of opinion that the words "every person," found in the act of 1886, are referable solely to the manufacturers and wholesale and retail dealers just before them mentioned and whose business afforded the subject-matter of the legislation. The indictment in this case, therefore, to be good as matter of substance, should have contained an averment that the accused was either a manufacturer or a dealer in oleomargarine, and as such packed the product in a manner violative of the act. There is a total lack of such averment either in direct language or by reference to other counts, and for that reason the eighth count fails to state facts which constitute an offense.

The judgment rendered on it must be reversed, and the cause remanded to the trial court, with direction to sustain the motion in arrest so far as that count is concerned. It is so ordered.