## MORRIS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 10, 1911.)

No. 3,289.

1. CRIMINAL LAW (§ 1192\*)—APPEAL AND ERROR—MANDATE AND PROCEEDINGS IN LOWER COURT.

The trial court in a criminal case can enter no other or different judgment than is directed by the mandate from the appellate court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3231-3240; Dec. Dig. § 1192.\*]

2. CRIMINAL LAW (§ 1192\*)—APPEAL AND ERROR—MANDATE AND PROCEEDINGS IN LOWER COURT.

Where a defendant was convicted in a criminal case, in which the court had discretionary power to impose upon him the costs of prosecution under Rev. St. § 974 (U. S. Comp. St. 1901, p. 703), and the court imposed separate sentences on different counts of the indictment, under one of which he was required to pay the costs, on a reversal by the appellate court as to such count only, and the issuance of a mandate affirming the judgment as to the other counts, but directing the trial court to sustain the motion in arrest as to such count, that court had no power to modify the judgment as to any of the other counts, by adding the imposition of costs.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3231-3240; Dec. Dig. § 1192.\*]

3. CRIMINAL LAW (§ 1192\*)—APPEAL AND ERROR—MANDATE AND PROCEEDINGS IN LOWER COURT.

On affirmance of a judgment in a criminal case, where the mandate directed the defendant to surrender himself to the marshal in execution

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the sentence within 30 days from the date of the filing of the mandate in the lower court, that fixed the time when the 30 days commenced to run; and .the trial court had no authority to change such time, by directing the clerk to expunge the entry of the filing of the mandate from the record, and to make a new entry showing its filing at a later date.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3231-3240; Dec. Dig. § 1192.*]

4. CRIMINAL LAW (§§ 1216, 1195*)—APPEAL AND ERROR—MANDATE AND PROCEEDINGS IN LOWER COURT—BONDS.

Where a defendant was sentenced to imprisonment in a county jail for 24 hours as a part of the punishment imposed, and on affirmance of the judgment the mandate from the appellate court required him to surrender himself in execution of the judgment within 30 days after it was filed, his offer to surrender himself within that time was a sufficient compliance to discharge his bondsmen from liability; but where his surrender was not accepted by the marshal, and he was not imprisoned, he was not entitled to have the judgment of imprisonment satisfied.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3310-3319, 3245; Dec. Dig. §§ 1216, 1195.*]

In Error to the District Court of the United States for the Eastern District of Missouri.

Johnson R. Morris was convicted of a criminal offense, and brings error, based on certain orders made by the District Court after filing of the mandate from the appellate court. Reversed in part.

Shepard Barclay (P. H. Cullen and Thomas T. Fauntleroy, on the brief), for plaintiff in error.

Homer Hall, Asst. U. S. Atty. (Charles A. Houts, U. S. Atty., on the brief), for the United States.

Before SANBORN and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. In this case one Johnson R. Morris was indicted for violating the statutes of the United States relative to the manufacture and sale of oleomargarine. The indict-.ment contained ten counts. Upon the trial defendant was found guilty upon each count, excepting the fourth, seventh, and ninth. On June 5, 1907, he was sentenced by the trial court on each of the counts numbered 1, 2, 3, 5, and 6, to pay a fine of $1,000. On the eighth count he was sentenced to pay a fine of $1,000 and the costs of prosecution, and to be imprisoned in the United States penitentiary at Ft. Leavenworth for the term of 2 years. On the tenth count he was sentenced to pay a fine of $100 and be imprisoned in the St. Louis city jail during the term of 24 hours. From the judgment thus imposed he prosecuted his writ of error to this court, and gave a supersedeas bond in the usual form.

Upon the hearing in this court the judgment was affirmed. 161 Fed. 672, 88 C. C. A. 532. An application for rehearing was made and granted so far as the judgment related to the eighth count only. Upon such rehearing the judgment as to the eighth count was reversed, and the cause remanded to the District Court, with directions to sustain the motion in arrest of judgment as to the eighth count. 168

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Fed. 682, 94 C. C. A. 168. The mandate from this court was issued June 5, 1909, was received by the clerk of the District Court June 7, 1909, and by him indorsed as filed on that day. The mandate showed the affirmance of the judgment, excepting as to the eighth count. As to that count it directed the District Court to sustain the motion in arrest of judgment. The mandate further directed the defendant to surrender himself to the custody of the United States marshal, in execution of the judgment and sentence imposed upon him, within 30 days from and after the date of the filing of the mandate in said District Court. On July 7th, the thirtieth day after the receipt and filing of the mandate, the defendant went to the office of the United States marshal in St. Louis, at about 1 o'clock, and offered to surrender himself to the custody of the marshal, in execution of the sentence. The marshal, having no order of commitment or copy of the judgment, declined to receive him until he received an order of commitment or copy of the judgment. Morris remained in the office of the marshal over an hour, and then left, returning again the same afternoon, offering to surrender himself, and such offer to surrender was not accepted by the marshal for the reasons aforesaid. He returned again the next forenoon, and again the marshal declined to receive him, as he had no order of commitment or copy of the judgment.

Subsequently, at a sitting of the District Court on July 15th, the court entered a judgment, expunging from the record the filing of the mandate by the clerk of June 7, 1909, and ordered that the mandate be filed as of July 15, 1909. The District Court further ordered that the motion in arrest of judgment, so far as the same related to the eighth count of the indictment, be sustained, and that, as to said count, the defendant go hence without day. The court further ordered that the defendant surrender himself to the custody of the marshal for the Eastern district of Missouri, in execution of the judgment and sentence imposed upon him, within 30 days from and after that date, and directed that the marshal deliver defendant to the jailer of St. Louis city jail, together with a duly certified copy of the judgment theretofore entered in the cause, so far as the same related to the tenth count of the indictment. The court further ordered that the United States have execution, after 30 days, for the amount of the fines imposed by that court and affirmed by this court, under the first, second, third, fifth, sixth, and tenth counts of the indictment, and for the costs of prosecution.

The defendant, Morris, filed a motion to vacate such order and judgment, and also to have the judgment of imprisonment under the tenth count entered as satisfied. These motions were each overruled. To review the action of the court of July 15th, defendant has brought the action to this court.

The law is fundamental, and no authorities need be cited in support thereof, that the trial court can enter no other or different judgment than is directed by the mandate from the appellate court. The mandate from this court was an affirmance of the judgment entered on June 5, 1907, except as to the eighth count. As to that count it directed that the motion in arrest of judgment should be sustained. The order of affirmance as to the judgment upon the other counts

was a direction that the judgment of June 5, 1907, should stand as entered, excepting as to such eighth count. At the time the trial court entered its judgment of June 5, 1907, whether it would impose costs upon the defendant, and, if so, upon which count of the indictment, was a matter of discretion with the court. Rev. St. § 974 (U. S. Comp. St. 1901, p. 703). That court imposed the costs as a part of the sentence under count 8, which was reversed. The portion of the judgment which was affirmed did not impose costs upon the defendant, and the court, upon receipt of the mandate, had no power or authority to modify the previous judgment by adding the imposition of costs. The order of the court directed the defendant to surrender himself within 30 days from the filing of the mandate in the court below. The mandate was sent down and received by the clerk on the 7th of June, and indorsed by him as filed on that date. That fixed the time when the 30 days commenced to run according to the order of this court, and the court below had no power or authority to change that time. The receipt of the mandate by the clerk on the 7th of June constituted a filing, its indorsement as filed being evidence of that fact, and it was error in the trial court to expunge from the record the evidence of its being filed on the 7th, and directing an entry that it be filed as of the 15th of July. When a judgment is affirmed in the appellate court, and the mandate is received by the clerk of the trial court, no action by that court upon the mandate is necessary, and execution of the judgment may proceed. Davis v. Patrick, 57 Fed. 909, 6 C. C. A. 632.

The offer to surrender to the marshal on the 7th of July was such a sufficient compliance with the order of this court as to release his bondsmen from liability; but the judgment of the court was that he be confined in the jail at St. Louis for 24 hours. He never was committed to the jail, never did undergo imprisonment in accordance with the judgment, and hence he was not entitled to have the judgment of imprisonment satisfied.

For the foregoing reasons, the judgment of July 15, 1909, is reversed, excepting the portion thereof sustaining the motion in arrest of judgment as to the eighth count, and the portion overruling defendant's motion to have the judgment of imprisonment under the tenth count satisfied; neither party to recover costs.