### SHILTER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 12, 1919.)

#### No. 3252.

1. INDICTMENT AND INFORMATION ⚖⇒202(2, 5)—DEFECTS—CURE BY VERDICT.
   A defendant who waits until after verdict before making objection to the sufficiency of the indictment, waives all objections which run to the mere form in which the various elements of the crime are stated, or to the fact that the indictment is inartificially drawn; but defects in substance, or failure of the indictment to state facts to constitute an offense, are not cured by verdict.

2. ARMY AND NAVY ⚖⇒40—ESPIONAGE ACT—INDICTMENT—SUFFICIENCY.
   An indictment charging that defendant, in a named city and between January and May, made seditious statements with intent denounced by the Espionage Act (Comp. St. 1918, § 10212a et seq.), and thereby willfully, unlawfully, and knowingly attempted to cause insubordination, disloyalty, and refusal of duty in the military and naval forces of the United States, is insufficient, where there was nothing to connect the acts of defendant directly or indirectly with such military or naval forces.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Edward S. Farrington, Judge.

Karl Shilter was convicted of attempting to cause insubordination, disloyalty, and refusal of duty in the military and naval forces of the United States, in violation of the Espionage Act, and he brings error. Reversed and remanded, with instructions to discharge defendant.

Arnold W. Liechti, of San Francisco, Cal., for plaintiff in error.

Annetta A. Adams, U. S. Atty., of San Francisco, Cal., and John W. Preston, Sp. Asst. Atty. Gen., and P. H. Johnson, Asst. U. S. Atty., of Sacramento, Cal.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted under an indictment which charged that on "divers dates between the

1st day of January, 1918, and the 6th day of May, 1918," at Sacramento, Cal., he did "then and there unlawfully, willfully, and knowingly attempt to cause insubordination, disloyalty, and refusal of duty in the military and naval forces of the United States, with the intent on the part of him, the said defendant, to interfere with the operation and success of the military and naval forces of the United States and to promote the success of its enemies; that is to say, the said defendant did then and there make the following seditious statements, to wit." Then follow the statements. There was no demurrer to the indictment, no exceptions were taken at the trial, and no motion in arrest of judgment was made.

[1] The plaintiff in error raises in this court for the first time the objection that the indictment is fatally defective for want of averments setting forth the circumstances under which the seditious utterances were made and the persons to whom they were made. Dunbar v. United States, 156 U. S. 185, 15 Sup. Ct. 325, 39 L. Ed. 390, is authority for the proposition that a defendant who waits until after verdict before taking an objection to the sufficiency of the indictment waives all objections which run to the mere form in which the various elements of the crime are stated, or to the fact that the indictment is inartificially drawn. We take that decision as expressing in full the nature of the objections to an indictment which may be waived by nonaction in a trial court, objections to the form in which the elements of the crime are stated, and objections to the fact that the indictment is inartificially drawn; and it follows that objections which affect the substantial rights of the defendant are not thus waived, and they may be presented for the first time on writ of error. "Defects in substance are not cured by verdict" (22 Cyc. 485), nor is a failure to state facts sufficient to constitute an offense cured by verdict (22 Cyc. 487). The most that can be claimed in the way of waiver is that it is too late to urge an objection in an appellate court, "unless it is apparent that it affected the substantial rights of the accused." Holmgren v. United States, 217 U. S. 509, 523, 30 Sup. Ct. 588, 591 (54 L. Ed. 861, 19 Ann. Cas. 778); United States v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516; Morris v. United States, 168 Fed. 682, 94 C. C. A. 168. In Oesting v. United States, 234 Fed. 304, 148 C. C. A. 206, this court said:

"By the defendant's failure to demur to an indictment, or to enter a motion to quash, or a motion in arrest of judgment after verdict, he waives his right to object in an appellate court to any matter which goes to the form in which the offense is stated; but he does not waive the right to raise the objection that the indictment is lacking in some essential element to constitute the offense which is charged."

[2] There is nothing in the indictment here to connect the acts of the accused directly or indirectly or in any way with the military or naval forces of the United States, and therefore there is nothing to advise a court that an offense has been committed against the United States. All that the indictment charges is that the defendant in a named city and at some time between January and May made certain seditious statements, with the intent denounced by the Espionage Act

(Act June 15, 1917, c. 30, 40 Stat. 217 [Comp. St. 1918, § 10212a, et seq.]), and thereby unlawfully, willfully, and knowingly attempted to cause insubordination, disloyalty, and refusal of duty in the military and naval forces of the United States. Such an indictment is insufficient, we think, to sustain a judgment of conviction.

The judgment is reversed, and the cause is remanded to the court below, with instructions to discharge the plaintiff in error.