GUGGOLZ v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 20, 1920.)

No. 3333.

WAR ⬤➔4—INDICTMENT UNDER ESPIONAGE ACT MUST ALLEGE THAT LANGUAGE WAS SPOKEN IN PRESENCE OF SOME PERSON.

An indictment for uttering profane, scurrilous, and abusive language about the form of government, the Constitution, and army and navy of the United States *held* not to state an offense under Espionage Act June 15, 1917, tit. 1, § 3, prior to its amendment by Act May 16, 1918, § 1 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c), in the absence of averment that the language was uttered in the presence of any person who might be influenced thereby.

In Error to the District Court of the United States for the Northern Division of the Northern District of California; William C. Van Fleet, Judge.

Criminal prosecution by the United States against John C. Guggolz. Judgment of conviction, and defendant brings error. Reversed.

A. M. Seymour, J. M. Inman, and Downey & Downey, all of Sacramento, Cal., for plaintiff in error.

Annette Abbott Adams, U. S. Atty., of San Francisco, Cal., and Charles W. Thomas, Jr., Asst. U. S. Atty., of Sacramento, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was found guilty under an indictment which charged that on or about the 11th of May, 1918, in violation of section 3, title 1, of the Act of Congress of June 15, 1917, as amended May 16, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10212c), he did at a place named and while the United States was at war with the German government, unlawfully, willfully, knowingly, and feloniously utter disloyal, profane, scurrilous, and abusive language about the form of government of the United States, the Constitution of the United States, and the military and naval forces of the United States, which said language was intended by him to bring the form of government of the United States, the Constitution of the United States, and the military and naval forces of the United States into contempt, scorn, contumely, and disrepute, and did by word support and favor the cause of the Imperial German government, with which the United States is and was at the time at war, and opposed the cause of the United States in the said war. Then followed the words which the plaintiff in error was alleged to have uttered, and the charge that they were uttered with the intent to bring the form

⬤➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of government of the United States, the Constitution of the United States, and the military and naval forces of the United States into contempt, scorn, contumely, and disrepute, and to favor the cause of the Imperial German government, and to oppose the cause of the United States in said war. Upon the trial is was developed, and the district attorney admitted, that the words so charged were uttered by the defendant in April, 1918, and consequently before the amendment of May 16, 1918.

The principal question in the case is whether the indictment charges facts upon which a conviction may be sustained under the terms of the original act of June 15, 1917. That act provides (section 3):

"Whoever, when the United States is at war, shall willfully make or convey false reports or false statements with intent to interfere with the operation or success of the military or naval forces of the United States or to promote the success of its enemies, and whoever, when the United States is at war, shall willfully cause or attempt to cause insubordination, disloyalty, mutiny, or refusal of duty, in the military or naval forces of the United States, or shall willfully obstruct the recruiting or enlistment service of the United States, to the injury of the service of the United States, shall be punished," etc.

The indictment fails to state a case under the first clause of the act, for it contains no information that the reports were made or conveyed to any person, or from which it may be seen that the statements were made or conveyed with the intention to interfere with the operation or success of the military and naval forces of the United States. It likewise falls short of charging the causing, or attempting to cause, insubordination, disloyalty, etc., in the military or naval forces, or obstructing the recruiting or enlistment service, for it fails to show that the statements were made within the hearing of any person, or that they could have reached those who were in the military service or who contemplated enlistment therein. In these respects the case is similar to Shilter v. United States, 257 Fed. 724, —— C. C. A. ——.

The judgment is reversed, and the cause is remanded, with instructions to discharge the plaintiff in error.