## SONNENBERG v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. April 5, 1920.)

### No. 3348.

1. **Criminal law** ⬅️1032(5), 1044, 1059(2)—**Conviction on insufficient indictment cannot be sustained, though not challenged below.**

   A judgment of conviction cannot be sustained, if the indictment fails to state facts sufficient to constitute the crime charged, though there was no demurrer, motion to quash, demand for bill of particulars, motion for a new trial or in arrest of judgment, and no specific exception to any instruction, and only a general exception to the refusal of instructions.

2. **Criminal law** ⬅️304(2)—**Indictment and information** ⬅️61—**Allegation of existence of war unnecessary as such fact will be judicially noticed.**

   An indictment for causing and attempting to cause insubordination, etc., in the military and naval forces, and obstructing the recruiting and enlistment service, need not allege the existence of a state of war, as the courts take judicial notice of that fact.

3. **Army and navy** ⬅️40—**Indictment for causing insubordination, etc., need not allege eligibility for service.**

   An indictment for causing and attempting to cause insubordination in the military and naval forces, etc., by peddling and selling a book containing seditious and inflammatory statements, and obstructing the recruiting and enlistment service by the same acts, was not required to allege that any of the persons to whom the book was sold or offered were in, or eligible to service or duty in, the military or naval forces.

4. **Criminal law** ⬅️829(1)—**Refusal of instructions not error, where charge given fully covered the case.**

   Where the court's charge was clear and correct, and fully covered the case, the refusal of requested instructions was not error.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

E. J. Sonnenberg was convicted of an offense, and he brings error. Affirmed.

Paul W. Schenck and Richard Kittrelle, both of Los Angeles, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., and Gordon Lawson and W. Fleet Palmer, Asst. U. S. Attys., all of Los Angeles, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. [1] As stated in the brief of the present attorneys for the plaintiff in error, there was in the court below no demurrer to the indictment; no motion to quash it, or bill of particulars, demanded; no motion for a new trial or in arrest of judgment; no specific exception to any of the instructions given by the court to the jury; and only a general exception taken to the refusal of the requested instructions. Notwithstanding all that, if, as contended on behalf of the plaintiff in error, the indictment fails to state facts sufficient to constitute the crime charged, the judgment of conviction cannot, of course, be sustained.

The indictment contains two counts, the first of which alleges in substance that the defendant thereto, on or about March 18, 1918, within the jurisdiction of the court below, willfully and unlawfully caused and attempted to cause insubordination, disloyalty, mutiny, and refusal of duty in the military and naval forces of the United States, by then and there peddling, issuing, selling, and offering for sale to various persons, including one Frank J. Goodwin, a certain book entitled "The Finished Mystery," containing seditious and inflammatory statements and language, among which was certain language set out in the indictment which is very clearly of the character alleged.

The second count charged that at the same time and place the defendant (plaintiff in error here) did willfully and unlawfully obstruct the recruiting and enlistment service of the United States, to the injury thereof, by then and there peddling, issuing, selling, and offering for sale to various persons, including the said Frank J. Goodwin, the said named book, containing the same seditious and inflammatory statements and language.

[2] The objection that the indictment does not allege the existence of a state of war between the United States and any other country at the time of the alleged commission of the acts charged against the defendant has been frequently held by this court and other federal courts to be without merit, for the reason that the courts take judicial notice of that fact.

[3] The point urged that the indictment does not allege that Goodwin, or any of the other persons to whom the defendant was alleged to have sold or offered the book containing the prohibited matter, were in, or eligible to service or duty in, the military or naval forces of the United States (which fact it is contended was an essential element of the crime charged), is claimed to be supported by the decision of this court in the case of Shilter v. United States, 257 Fed.

724, 169 C. C. A. 12, which case, it is contended, requires a reversal of the judgment in the present case.

We are unable to agree with counsel, for in that case, as is expressly stated in the opinion of the court (257 Fed. 724, 725, 169 C. C. A. 13, 14), there was nothing in the indictment "to connect the acts of the accused directly or indirectly or in any way with the military or naval forces of the United States, and therefore there is nothing to advise a court that an offense has been committed against the United States." In the preceding case of Mead v. United States, reported in the same volume, we said (257 Fed. at page 642, 168 C. C. A. at page 592):

"In view of the terms of the act of Congress and the obvious purposes of the enactment, we are unable to hold that in order to constitute a violation of its provisions it is essential that the false reports or statements must have been made to persons in the military or naval service of the United States. * * * The false reports and statements inhibited by the statute under consideration are such as are willfully made or conveyed 'with intent to interfere with the operation or success of the military or naval forces of the United States, or to promote the success of its enemies.'"

[4] A careful reading of the charge of the court to the jury shows that it was clear and correct and that it fully covered the case. There was therefore no error in refusing any of the requested instructions, even if it be conceded that the exception to such refusal was sufficient.

The judgment is affirmed.